UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 13, 2018

LETTER TO COUNSEL

> RE: *James Doswell v. Commissioner, Social Security Administration*
> Civil No. SAG-17-836

Dear Counsel:

On March 28, 2017, Plaintiff James Doswell petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits ("DIB"). [ECF No. 1]. I have considered the parties' cross-motions for summary judgment [ECF Nos. 15, 18], and I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Mr. Doswell's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405. This letter explains my rationale.

Mr. Doswell protectively filed his claim for DIB on September 9, 2013, alleging a disability onset date of June 1, 2012. (Tr. 108-09). His claim was denied initially and on reconsideration. (Tr. 41-49, 51-60). A hearing was held on November 17, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 25-40). Following the hearing, the ALJ determined that Mr. Doswell was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 9-24). The Appeals Council denied Mr. Doswell's request for review, (Tr. 1-6), so the ALJ's 2015 decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Doswell suffered from the severe impairments of "degenerative disc disease and obesity." (Tr. 14). Despite these impairments, the ALJ determined that Mr. Doswell retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except semi-skilled; sit/stand alternatively provided that the claimant is not off task more than 10% of the work period; postural requirement of stooping, kneeling, crouching, crawling, and climbing occasionally; and the ability to interact with supervisors, coworkers, and the general public frequently.

(Tr. 15). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Doswell could perform jobs existing in significant numbers in the national economy, and that, therefore, he was not disabled. (Tr. 18-19).

Mr. Doswell argues that the ALJ erroneously assessed his RFC by: (1) concluding, without adequate explanation, that he was capable of performing semi-skilled work; (2) failing to explain why he required a sit/stand option, provided he was not off task more than 10 percent of the workday; and (3) failing to explain why he was limited to interacting with supervisors, coworkers, and the general public only frequently. [ECF No. 15-1 at 5-8]. These arguments are addressed below.

Mr. Doswell's first argument that the ALJ erroneously concluded that he "was capable of performing semiskilled work" is without merit. [ECF No. 15-1 at 6]. Semi-skilled work is:

> work which needs some skills but does not require doing the more complex work duties. Semi-skilled jobs may require alertness and close attention to watching machine processes; or inspecting, testing or otherwise looking for irregularities; or tending or guarding equipment, property, materials, or persons against loss, damage or injury; or other types of activities which are similarly less complex than skilled work, but more complex than unskilled work. A job may be classified as semi-skilled where coordination and dexterity are necessary, as when hands or feet must be moved quickly to do repetitive tasks.

20 C.F.R. § 404.1568. Contrary to Mr. Doswell's assertions, the ALJ did not conclude that he could perform semi-skilled work. *See* (Tr. 15-18). Instead, the ALJ specifically stated that Mr. Doswell "could perform light work. . . *except* semi-skilled." (Tr. 15) (emphasis added). Thus, instead of limiting Mr. Doswell to semi-skilled work, the ALJ precluded such work from his RFC. *Id.*; *see e.g., Harris v. Comm'r, Soc. Sec. Admin.*, No. CIV. SAG-13-2503, 2014 WL 1870847, at *1 (D. Md. May 5, 2014), *aff'd sub nom. Harris v. Colvin*, 589 F. App'x 172 (4th Cir. 2015) (in limiting the claimant to semi-skilled work, the ALJ expressly stated that "she can perform semi-skilled work."); *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981) (same). Moreover, though the hypothetical that the ALJ posed to the VE included the ability to perform "light work, which is semi-skilled[,]" the VE, in response, provided three occupations, all of which were light work, unskilled occupations, namely: (1) counter clerk positions; (2) cashier II positions; and (3) router positions.[1] (Tr. 36-37). Thus, the inclusion of semi-skilled work in the hypothetical posed to the VE constitutes harmless error, and remand is not warranted on this ground. *See Neal v. Astrue*, No. CIV. JKS 09-2316, 2010 WL 1759582, at *5 (D. Md. Apr. 29, 2010) (stating that, "because all of the occupations cited by the VE were unskilled, it is irrelevant what effect [the claimant's] moderate impairments would have had on skilled or semi-skilled work.") (citation omitted).

Next, Mr. Doswell argues that the ALJ failed to adequately explain his finding that Mr. Doswell "required a sit/stand option, alternatively, provided that [he] was not off task more than 10 percent of the work period." [ECF No. 15-1 at 6]. Social Security regulations provide that the RFC assessment "must include a narrative discussion describing how the evidence supports

---

[1] The Dictionary of Occupational Titles ("DOT") job numbers for these positions are 249.366-010, 211.462-010, and 222.587-038, respectively. (Tr. 37).

each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting SSR 96-8P, 1996 WL 374184, at *7 (1996)). In doing so, an ALJ must "build an accurate and logical bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000), *as amended* (Dec. 13, 2000). With respect to physical RFC, "[e]xertional capacity addresses an individual's limitations and restrictions of physical strength and defines the individual's remaining abilities to perform each of seven strength demands: [s]itting, standing, walking, lifting, carrying, pushing, and pulling." SSR 96-8p, 1996 WL 374184, at *5.

Here, the ALJ sufficiently explained Mr. Doswell's need for a sit/stand option, provided he was not off task more than 10 percent of the work period. First, the ALJ thoroughly detailed Mr. Doswell's reported activities and explained that they undermined his allegations concerning the intensity, persistence, and limiting effects of his symptoms. (Tr. 16). For example, the ALJ noted that Mr. Doswell: (1) was working as a farmer in October, 2013 and personally picked tomatoes from 3,000 tomato plants; (2) took care of horses and went hunting in October, 2014; (3) was non-compliant with his medications; (4) held a commercial driver's license through January, 2015; and (5) in reference to daily activities, had no issues with personal care, prepared meals daily, mowed the lawn, went outside daily, and went shopping in stores. *Id.* Further, the ALJ extensively relied upon several medical records, which consistently demonstrated negative straight leg tests, full range of motion of the spine, and that Mr. Doswell's pain was effectively managed with medication and treatment. *See* (Tr. 16-18). Finally, finding that they were supported by Mr. Doswell's "stable and functioning status on his pain medications," the ALJ accorded "great weight" to the State agency medical consultants, Drs. M. Lowen and K. Cylus, who opined that, at a minimum, Mr. Doswell could perform light work and occasionally climb ramps/stairs, balance, stoop, kneel, and crouch. (Tr. 18). Despite the fact that Mr. Doswell's pain could be effectively managed with treatment and medication, however, the ALJ then incorporated a sit/stand option, finding that it "better accommodates [his] degenerative disc disease." *Id.* Moreover, it is apparent from the VE's testimony that the ALJ conditioned the sit/stand option on Mr. Doswell not being off task more than 10 percent of the work period in order to make the limitation compatible with work requirements. *See* (Tr. 38) (the VE confirms that if the time off task "jumped from 10 [] to 15 percent . . . [,] there would be no work."). Accordingly, remand is not warranted on this ground.

Finally, Mr. Doswell argues that the ALJ failed to sufficiently explain why he was limited to interacting with supervisors, coworkers, and the general public frequently. [ECF No. 15-1 at 6]. Here, as Defendant concedes, the ALJ "did not specify why these limitations were included in [Mr. Doswell's] RFC." [ECF No. 18-1 at 6]. Nonetheless, the ALJ's error is harmless, because the record is devoid of evidence demonstrating the necessity of a social limitation. Moreover, Mr. Doswell has not shown how he has been harmed by its inclusion. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."); *Gove v. Colvin*, No. CV CBD-15-1659, 2016 WL 3541212, at *5 (D. Md. June 29, 2016) ("Even if an ALJ commits a legal error, the burden is on Plaintiff to show that it is harmful error.") (citing *Shinseki*, 556 U.S. at 409). Importantly, Mr. Doswell failed to allege that he suffers from mental impairments

which, through the application of the special technique, could lead to the imposition of social limitations. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00 (enumerating the applicable mental impairments) and 20 C.F.R. § 404.1520a(c)(4) (explaining that the special technique rates a claimant's degree of limitation in interacting with others). Moreover, Drs. Lowen and Cylus, whose opinions were given "great weight," both opined that Mr. Doswell had no communicative or environmental limitations. (Tr. 47, 57). Finally, in his Adult Function Report, Mr. Doswell confirmed (1) that he had no problems "getting along with family, friends, neighbors, or others," and (2) that he got along with authority figures including police, bosses, landlords or teachers. (Tr. 160-61, 178). Thus, because there are jobs existing in significant numbers in the national economy that Mr. Doswell could perform, even with the social limitation, the ALJ's error is harmless, and remand is not warranted on this ground.

For the reasons set forth above, Mr. Doswell's Motion for Summary Judgment [ECF No. 15] is DENIED and Defendant's Motion for Summary Judgment [ECF No. 18] is GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                Sincerely yours,

                /s/

                Stephanie A. Gallagher
                United States Magistrate Judge